260 September 5, 2013 No. 33

IN THE OREGON TAX COURT
REGULAR DIVISION

Jeffrey B. WIHTOL,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE*,*
*Defendant*,

*and*

MULTNOMAH COUNTY ASSESSOR,
*Defendant-Intervenor.*

(TC 5171)

Plaintiff (taxpayer) appealed from a Magistrate Division decision as to taxpayer's entitlement to award of costs and disbursements incurred in the litigation of his appeal in the Magistrate Division. Taxpayer argued he was the prevailing party and was entitled to an award of costs in the form of his Magistrate Division filing fee. Defendant-Intervenor Multnomah County Assessor (the county) argued that pursuant to statute and the court's rules that costs could not be awarded by a tax court magistrate, but only by the judge of the Regular Division. Following oral argument on cross-motions for summary judgment, the court ruled that the provisions of ORS 305.490(2) grant authority to a tax court magistrate to award costs and disbursements, as a magistrate and the Magistrate Division are considered part of the court as the term is used by the statute.

Oral argument on cross-motions for summary judgment was held June 3, 2013, in the courtroom of the Oregon Tax Court, Salem.

Jeffrey B. Wihtol, Attorney at Law, Portland, filed the motion and argued the cause for Plaintiff (taxpayer).

Lindsay R. Kandra, Multnomah County Counsel, Portland, filed the cross-motion and argued the cause for Defendant-Intervenor Multnomah County Assessor (the county).

Decision for Plaintiff rendered September 5, 2013.

**HENRY C. BREITHAUPT, Judge.**

## I.  INTRODUCTION

This matter is before the court on cross-motions for summary judgment by Plaintiff (taxpayer) and

Defendant-Intervenor Multnomah County Assessor (the county).

## II.  FACTS

In this property tax case, a stipulated decision was entered by the Magistrate Division. *See Wihtol v. Multnomah County Assessor*, TC-MD 120762N (Jan 30, 2013). Taxpayer contended that he prevailed in the Magistrate Division and was entitled to recover his filing fee paid in that division as a cost or disbursement. The decision of the magistrate hearing the matter did not reach the question of whether taxpayer was the prevailing party. Rather, the decision of the magistrate was that magistrates do not have the authority to award costs and disbursements.

## III.  ISSUE

The issue presented in these motions is whether magistrates may award as costs and disbursements the filing fee paid by a taxpayer in a proceeding in the Magistrate Division.

## IV.  ANALYSIS

The relevant statutes at issue are subsections (2) and (4) of ORS 305.490.[1] Tax Court Rule (TCR) 68 is also relevant, as is the Preface to the rules of the Magistrate Division. The statute provides, in relevant part:

> "The party entitled to costs and disbursements *on such appeal* shall recover from the opponent of the party the amount so paid upon *order of the court*, *as in equity suits in the circuit court*. \* \* \*

> "\* \* \* \* \*

> "4(a)  If, in any proceeding before the tax court judge involving ad valorem property taxation, exemptions, special assessments or omitted property, the court finds in favor of the taxpayer, the court may allow the taxpayer, in addition to costs and disbursements the following:

> "(A)  Reasonable attorney fees for the proceeding under this subsection and for the prior proceeding in the matter, if any, before the magistrate; and

---

[1] Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) are to 2011.

"(B)  Reasonable expenses as determined by the court. Expenses include fees of experts incurred by the individual taxpayer in preparing for and conducting the proceeding before the tax court judge and the prior proceeding in the matter, if any, before the magistrate."

(Emphases added.) The Preface to the Rules of the Magistrate Division provides: "If circumstances arise that are not covered by a Magistrate Division rule, rules of the Regular Division of the Tax Court may be used as a guide to the extent relevant." TCR 68 provides, in relevant part:

"**A(1) Attorney Fees.**  'Attorney fees' are the reasonable value of legal services related to the prosecution or defense of an action.

"**A(2) Costs and Disbursements.**  'Costs and disbursements' are reasonable and necessary expenses incurred in the prosecution or defense of an action other than for legal services, and include the fees of officers; the statutory fees for witnesses; the postage for summonses or notices; the necessary expense of copying of any public record, book, or document used as evidence on the trial; recordation of any document where recordation is required to give notice of the creation, modification, or termination of an interest in real property; a reasonable sum paid a person for executing any bond, undertaking, stipulation, or other obligation therein; and any other expense specifically allowed by agreement, by these rules, or by other rule or statute. The court, acting in its sole discretion, may allow as costs reasonable expenses incurred by a party for interpreter services. If such costs are not awarded and the beneficiary of the interpreter services is unable to pay, then interpreter services shall be paid for in the same manner as interpreters used in the circuit court. *See* ORS 45.275(4)(c). The expense of taking depositions shall not be allowed, even though the depositions are used at trial, except as otherwise provided by rule or statute.

"**B Allowance of Costs and Disbursements.**  In any action, costs and disbursements shall be allowed to the prevailing party, unless these rules or other rule or statute direct that in the particular case costs and disbursements shall not be allowed to the prevailing party or shall be allowed to some other party, or unless the court otherwise directs. If, under a special provision of these rules or any

other rule or statute, a party has a right to recover costs, such party shall also have a right to recover disbursements."

In the Magistrate Division, taxpayer appears to have relied on ORS 305.501(4)(a) and the provisions of TCR 68 quoted above. In this division of the court, taxpayer places his reliance on ORS 305.490(2) and the same rule provisions.

To start with, the court considers it important to point out that the Tax Court Rules are adopted pursuant to statutory authority found in ORS 305.425(3), which states:

"All hearings and proceedings before the tax court judge shall be in accordance with the rules of practice and procedure promulgated by the court, which shall conform, as far as practical to the rules of equity practice and procedure in this state."

Rules for the Magistrate Division are authorized in ORS 305.501(3).

Unlike the Oregon Rules of Civil Procedure, the rules of the tax court, of either division, do not have the force and effect of statutes. That said, the court is reluctant to conclude that any division of the court has authority to make any monetary award unless that award is supported by statutory authorization. Rules of practice and procedure—the subject of both ORS 305.425(3) and ORS 305.501(3)—are authorized, but the court is reluctant to conclude that "practice and procedure" includes money awards.

There is, however, a specific statutory basis for awards of costs and disbursements in the tax court. That is found in ORS 305.490(2), the provisions of which are set forth above.

ORS 305.490(2) presents three questions:

(1)  Is an appeal to the Magistrate Division included in the reference in the statue to "on such appeal"?

(2)  If so, does the reference to "order of the court" in the statute include an order of a magistrate?

(3)  If so, what are the parameters of the terms "as in equity cases in the circuit court," found in ORS 305.490(2) and relating to the earlier phrase "costs and disbursements"?

The last sentence of ORS 305.490(2) dates to the initial statute creating the Oregon Tax Court. Or Laws 1961, ch 533, § 15(1). At that time, while the tax court had a Regular Division, there was no Magistrate Division but rather only a Small Claims Division. The first section of ORS 305.490 described appeals from orders of the State Tax Commission, the predecessor to the Department of Revenue (department), and the requirement to pay a fee, except no fee was due from a government entity. The last sentence of the section was, except for a minor editorial change, the same as the last sentence of what is now ORS 305.490(2).

By 1995, when the legislature created the Magistrate Division, the appeal and the fee requirement was described in subsection (1) of the statute and the possibility of recovery of the fee was found in subsection (2) of the statute. The reference to "such appeal" in subsection (2) was clearly to the process now described in subsection (1) of the statute. The references to an "order of the court" and "costs and disbursements" and awards "as in equity cases" were not changed in any way.

Accordingly, the reference to entitlement to costs and disbursements was therefore an entitlement in the case of an appeal from an order of the government agency from whose action the appealing party was proceeding—in those days, in all events, the predecessor of the department.

In 1961, an "appeal" to the tax court was from an order of the predecessor of the department. However, "appeal" is still the word used to describe the initiation of proceedings in the tax court, which in most cases must be in the Magistrate Division. *See* ORS 305.275. The term "appeal" is also used currently to describe further proceedings in the Regular Division after a decision by a magistrate. *See* ORS 305.501(5)(a).

The next question is whether the Magistrate Division is a court for purposes of the phrase "order of the court" as used in ORS 305.490(2). This court has long taken the position that in 1995 the legislature, effective for 1997, created or continued one court with two divisions. ORS 305.404, provides that the phrase "tax court" may refer to either division

or both. While it is true that the word "court" is used in 305.490(2) without any qualifier, the court concludes that the phrase "order of the court" in ORS 305.490(2) includes the Magistrate Division.

The legislative history of the 1995 legislative session in which the Magistrate Division was created is silent as to what, if any, significance there is in the fact that the legislature left the last sentence of ORS 305.490(2) unchanged. Did the legislature intend to leave unchanged what had existed before the creation of the Magistrate Division—namely a first level of dispute resolution without any possibility of recovery of costs and disbursements? That is not a logical conclusion as in the appeal process prior to the creation of the Magistrate Division there was no fee due from a taxpayer in connection with the first level appeal to the department.

The creation of the Magistrate Division differed from the prior process in that there would be a filing fee connected with the first level of appeal, the appeal to the Magistrate Division. That appeal and the fee therefore would now be described in ORS 305.490(1) and by parallel construction to the statute as it had existed, the reference to "such appeal" in subsection (2) would be to any appeal described in subsection (1), including the initial appeal to the Magistrate Division.

Initially, the fee for bringing an appeal in the Magistrate Division was very modest: $25. Today, however, the fee is $240. Other legislative provisions and the legislative history of the statutes creating the Magistrate Division indicate that the legislature intended to make the first level of appeal quite accessible to taxpayers.[2] The court is of the opinion that the legislative intent regarding the functioning of the Magistrate Division in the tax dispute process leads to the conclusion that the Magistrate Division is a "court" within the meaning of ORS 305.490(2) such that a prevailing taxpayer may recover the fee that is required in order to pursue a remedy.

---

[2] Thus, for example, much broader representation rules apply. *Compare* ORS 305.494 and ORS 305.230. Further, the Oregon Rules of Evidence do not apply in the Magistrate Division. ORS 305.501(4)(a).

ORS 305.490(2) must be read as relying on the rules related to "equity suits in the circuit court" for purposes of determining if a party is entitled to "costs and disbursements." There are no such rules in existence now, nor were there any such rules in existence in 1995 when the Magistrate Division was created. However, in 1961, when the reference to such rules in "equity suits" was adopted, there were rules for costs and disbursements in "equity suits." ORS 20.030 (1961).

The rules for "equity suits" were that costs and disbursements could be awarded to a prevailing party, unless the court otherwise directed. *Id*. A separate and somewhat different set of rules existed for actions at law. *See* ORS 20.040 (1961). The elimination of the distinction between equity and law, a feature of the adoption of the Oregon Rules of Civil Procedure, occurred without any change being made to ORS 305.490(2). That statutory subsection therefore directs the reader to a body of law that no longer exists. The court concludes that what must be done in such a case is to read the statutory reference as if it now provided authority for an award of costs and disbursements to the prevailing party, unless the court otherwise directs. That rule would apply to magistrates as well as the judge of the tax court and would permit such decision makers to exercise discretion in deciding the question.

Based on an analysis of the text and history of ORS 305.490(2) there appear to be no reasons to deny to the Magistrate Division the authority to award costs and disbursements. Indeed, there are good reasons to find such authority as a complement to the legislative purpose of making the Magistrate Division an accessible forum for resolution of tax disputes. Such accessibility would be frustrated if taxpayers were faced with a substantial fee in order to seek a remedy but were denied a recovery of that cost when successful in the quest for a remedy.

The magistrate in this matter concluded that ORS 305.490(4), dealing with awards of attorney fees in certain cases, compelled a conclusion that costs and disbursements could not be awarded by a magistrate. That conclusion was based on the wording in ORS 305.490(4), a statute that permits the "tax court judge" to award attorney fees and

certain "expenses" to a taxpayer in a property tax matter, "*in addition to costs and disbursements.*" (Emphasis added.) The wording of the statute makes it clear that the "expenses" mentioned are different from what is encompassed in the terms "costs and disbursements."[3] It appears the premise of the magistrate's analysis was that costs and disbursements could only be awarded in proceedings in which attorney fees and certain expenses could be awarded. Reasoning that only the judge of the tax court, and not a magistrate, could award attorney fees and specified "expenses," the magistrate concluded that only in Regular Division proceedings—where the tax court judge is involved—could a filing fee be recovered by a prevailing party as a "cost" or "disbursement."

However, ORS 305.490(4) was added in the 2001 legislative session. Or Laws 2001, ch 287, § 1. This was long after ORS 305.490(2) was in existence.[4] ORS 305.490(4) cannot therefore be read as creating the authority for the judge of the tax court to award costs and disbursements. Rather, the statute should be read as recognizing that the authority already existed, by reason of ORS 305.490(2) and the ability to award attorney fees and certain other costs is an additional authority.

That being the case, ORS 305.490(4) and its counterpart for income tax cases found in ORS 305.490(3) should be read as describing what the tax court judge may award, as the statute says, in addition to costs and disbursements. ORS 305.490(4) need not, and in light of the legislative text and history should not, be read as a barrier to a conclusion as to the authority of a magistrate under ORS 305.490(2) to award costs and disbursements—the Magistrate Division being part of "the court."[5]

---

[3] In this regard the court has no difficulty concluding that a filing fee is a "disbursement." ORS 20.020 (1961) defined what could be recovered as "all necessary disbursements." *Bivvins v. Unger*, 263 Or 239, 501 P2d 1262 (1972), established that filing fees were such necessary disbursements.

[4] The comparable provision for an award of attorney fees to taxpayers who prevailed in personal income tax cases, now found in ORS 305.490(3) was added to the statutes in 1971. Or Laws 1971, ch 265, § 1.

[5] The magistrate relied on two prior cases in that division in which a request for costs and disbursements was denied. One of the cases simply relied on the logic of an earlier case. That earlier case, in turn, reached a conclusion as to costs and disbursements grounded on the same premise as to the meaning of ORS 305.490(4) as was employed by the magistrate in this case.

The authority that a magistrate has to award costs and disbursements under the construction contained in this opinion should be guided by the provisions of TCR 68, at least for so long as the Magistrate Division does not have a rule of its own on the matter. The authority will be one that is subject to the discretion of a magistrate and may be exercised only in favor of a prevailing party.

The decision of the magistrate in this matter meant that the question of prevailing party status for taxpayer and the exercise of discretion by the magistrate were not resolved or undertaken. The court therefore remands the matter to the magistrate for consideration and decision on these matters, retaining, however, jurisdiction to consider any appeal from the decision of the magistrate to the extent that there will be no necessity to pay a filing fee in respect of any appeal to this division from the decision of the magistrate on these matters.

## V.   CONCLUSION

Now, therefore,

IT IS ORDERED that Plaintiff's Motion for Summary Judgment is granted;

IT IS FURTHER ORDERED that Defendant-Intervenor's Cross-Motion for Summary Judgment is denied;

IT IS FURTHER ORDERED that costs and disbursements are awarded to Plaintiff in respect of this appeal; and

IT IS FURTHER ORDERED that this matter be remanded to the Magistrate Division for further litigation of these issues.