IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

DION L. GLISAN,                          )
                                         )
              Plaintiff,                  )    TC-MD 140407N
                                         )
       v.                                )
                                         )
DEPARTMENT OF REVENUE,                   )
State of Oregon,                         )
                                         )
              Defendant.                  )    **FINAL DECISION**

       The court entered its Decision in the above-entitled matter on December 3, 2014.

Plaintiff filed a letter requesting costs and disbursements on December 12, 2014, which is within

14 days after the court's Decision was entered, as required by Tax Court Rule-Magistrate

Division (TCR-MD) 19 C(1).  As of the date of this Final Decision, the court has not received a

written objection from Defendant or a request from the parties to schedule a hearing.  *Cf.*

TCR-MD 19 C(2)(a), C(3).  However, Defendant objected to Plaintiff's request for costs and

disbursements in its Answer, filed November 25, 2014.  This matter is now ready for the court's

Final Decision.  Plaintiff previously requested costs and disbursements in her Complaint and the

court denied that request as premature and not filed in accordance with TCR-MD 19.  This Final

Decision has been modified to remove the court's previous denial of Plaintiff's request for costs

and disbursements, but otherwise incorporates its Decision without change.  The court's analysis

and determination of Plaintiff's request for costs and disbursements is included below.

       This matter is before the court on Defendant's Answer filed December 2, 2014.  Plaintiff

filed her Complaint on October 31, 2014, requesting "the state of Oregon to refund taxes paid

above the non-resident level as well as cancel interest, fees and pay the court fee."  (Ptf's Compl

at 1.)  In its Answer, Defendant agreed "to cancel the Department's Notice of Deficiency dated

07/02/14 received by Plaintiff." (Def's Ans at 1.) Defendant's Answer further stated that "[c]ancelling this Notice will cancel any penalty [or] interest and process a refund of payment made on 08/18/14."[1] (*Id.*) In its Answer, Defendant also requested that the court "deny Plaintiff's request to reimburse [the] Court fee." (*Id.*)

On December 12, 2014, Plaintiff filed a letter requesting an award of costs and disbursements. Specifically, Plaintiff requests the $252 court fee and "the additional costs of administration of $160[.]" (Ptf's Ltr at 1-2, Dec 12, 2014.) Plaintiff did not file a detailed cost statement, as required by TCR-MD 19 C(1), so it unclear how the administrative cost of $160 was calculated. To the extent that the administrative cost was incurred for "the services of a Tax Consultant," as referenced in Plaintiff's letter, that cost may not be recovered under TCR-MD 19. *See Biss v. Dept. of Rev.* (*Biss*), TC-MD No 130485C at 10-11 (May 15, 2014) (concluding accountant fees are expenses under ORS 305.490(3)(a), not costs under TCR-MD 19).

The Magistrate Division has discretionary authority under ORS 305.490(2) (2013) to award costs and disbursement to the prevailing party. *Wihtol I v. Dept. of Rev.*, 21 OTR 260, 267-68 (2013). There is no question that Plaintiff is the prevailing party in this case. The only question is whether the court should, in its discretion, award Plaintiff her costs and disbursements. This court has discussed some considerations that may be relevant to the court's exercise of its discretion to award costs and disbursements. *See Wihtol v. Multnomah County Assessor*, TC-MD No 120762N, WL 274126 at *5 (Jan 24, 2014). Those considerations included whether the taxpayer timely filed required returns and whether the taxpayer took advantage of any available administrative review to avoid the necessity of litigation. *Id.*

---

[1] Plaintiff paid $4,550 to Defendant on August 5, 2014. (Ptf's Compl at 2, 5.) Defendant reported receiving Plaintiff's payment on August 18, 2014. (Def's Ans at 1.) Defendant issued a Notice of Deficiency Assessment on September 24, 2014, for the remaining balance due on its Notice of Deficiency. (Ptf's Compl at 4.)

Defendant sent Plaintiff a Notice of Deficiency on July 2, 2014. (Ptf's Compl at 2.) Plaintiff sent a written objection, dated August 5, 2014, to Defendant. (*Id.* at 5; Ptf's Ltr at 1, Dec 12, 2014.) The written objection explained that Plaintiff worked for "the Foreign Service" and that she was "a Non-Resident of the State of Oregon" who "earn[ed] no wages in the State of Oregon" and "[did] not spend more than 30 days per year in the State of Oregon." (Ptf's Compl at 5.) Plaintiff also "paid the full amount of the disputed assessment." (Ptf's Ltr at 1, Dec 12, 2014.) Plaintiff reported that, as of October 8, 2014, "she had not received further correspondence from [Defendant]" so she called Defendant and was told "that a denial letter had been issued on September 24, 2014 because there was no letter from the employer." (*Id.*) Defendant's Notice of Deficiency Assessment, dated September 24, 2014, responded to Plaintiff's written objection, stating "You MUST attach an explanation from your employer, that is signed and on company letterhead. Because a signed letter from your employer on company letterhead has not been received, your written objection has been denied." (Ptf's Compl at 6.) Plaintiff wrote that "a letter was issued by her employer" on October 21, 2014, and on "[t]hat same day it was faxed to [Defendant.]" (Ptf's Ltr at 2, Dec 12, 2014; *see also* Ptf's Compl at 8 (employer letter).) Plaintiff wrote that she "requested that it be settled without going to the Magistrate Division but [was] told that it had to go to the Tax Court." Plaintiff's Complaint was filed October 31, 2014.

Plaintiff argued that she is entitled to costs and disbursements because, "[f]rom the first notification of the suspense department of [Defendant] [P]laintiff has carefully followed the instructions to submit requested documentation." (Ptf's Ltr at 1, Dec 12, 2014.) Plaintiff asserted that Defendant's "only request was for a copy of the W-2 which [Plaintiff] faxed the day after she received the request. There was never a request for a signed letter from her employer

on company letterhead or a calculation of the Oregon wages until the denial letter was sent."
(*Id.*) Defendant wrote that Plaintiff's request for costs and disbursements "is not reasonable, because Plaintiff did not cooperate with [Defendant] in the attempt to settle the matter without having to go to the Tax Court." (Def's Ans at 1.) Defendant offered no additional explanation or evidence to rebut Plaintiff's reported timeline of events or settlement efforts. After Plaintiff's appeal was filed, Defendant agreed to provide Plaintiff with her requested relief based on Plaintiff's employer's letter. (*Id.*)

The court finds that Plaintiff made reasonable efforts to comply with Defendant's requests for information prior to filing this appeal. Plaintiff filed a written objection and, after it was denied, promptly sent Defendant additional information as requested in Defendant's Notice of Deficiency Assessment. Plaintiff asserted that Defendant was unwilling to discuss settlement after receiving Plaintiff's employer's letter, so Plaintiff was obliged to file this appeal. Under those circumstances, the court concludes that Plaintiff should receive a cost award of $252 for her filing fee.[2] Plaintiff's request for an additional administrative cost of $160 is denied for the reasons discussed above.

Because the parties are in agreement, this case is ready for decision. Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant shall cancel its Notice of Deficiency dated July 2, 2014. Defendant shall issue a refund, if any, with statutory interest.

/ / /

/ / /

/ / /

---

[2] Generally, a party requesting costs and disbursements under TCR-MD 19 must provide receipts for all claimed costs and disbursements. However, no receipt is required to prove payment of the court's filing fee. *See Biss*, TC-MD No 130485C at 11.

IT IS FURTHER DECIDED that that Plaintiff's request for costs under TCR-MD 19 B is granted in part. Plaintiff is awarded costs of $252.

Dated this ____ day of December 2014.

ALLISON R. BOOMER
MAGISTRATE

***If you want to appeal this Final Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.***

***Your Complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed.***

***This document was signed by Magistrate Allison R. Boomer on December 31, 2014. The court filed and entered this document on December 31, 2014.***