IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

ALLEN H. FULLER )
and TIFFANY R. FULLER, )
 )
            Plaintiffs, ) TC-MD 140308D
 )
      v. )
 )
DEPARTMENT OF REVENUE, )
State of Oregon, )
 )
            Defendant. ) **FINAL DECISION**

The court entered its Decision in the above-entitled matter on December 2, 2014.

Plaintiff timely filed a Statement for Costs and Disbursements on December 8, 2014. Defendant

filed its Objection to Award of Costs and Disbursements on December 9, 2014. This matter is

now ready for the court's Final Decision.

The court's Final Decision incorporates its Decision without change and includes the

court's analysis and determination of Plaintiff's Statement for Costs and Disbursements in

section III.

Plaintiffs appeal Defendant's Notice of Deficiency Assessment dated April 1, 2014, for

the 2012 tax year. A trial was held in the Oregon Tax Courtroom on September 29, 2014, in

Salem, Oregon. Stuart Watson, Certified Public Accountant, appeared on behalf of Plaintiffs.

Tiffany Fuller (Plaintiff) and Nancy Harper (Harper) testified on behalf of Plaintiffs. Tony

Inovejas, Tax Auditor, appeared and testified on behalf of Defendant.

Plaintiffs' Exhibits 1 through 4 and Defendant's Exhibits A through E were received

without objection.

/ / /

## I.  STATEMENT OF FACTS

Plaintiff testified that in 2012 Nancy Harper, Plaintiff's mother-in-law, provided child care for Plaintiffs' six children and that Plaintiffs paid for Harper's services in cash.  Plaintiff testified that, except for the time she was on maternity leave (March 26, 2012 through May 27, 2012), she worked full time as did her husband except when he was temporarily laid off from work (October 22 through November 2, 2012 and December 10 through December 28, 2012).  (*See* Ptf's Ex 1.)  Plaintiff testified that during her maternity leave and when her husband was temporarily laid off from work Harper was not paid to care for the children.

Plaintiff testified that Harper was paid weekly in cash after Plaintiff's husband cashed his paycheck.  Plaintiff testified that Harper did not issue receipts.  Harper testified that even though she had a bank account in 2012 she preferred to pay her bills in cash, stating "it saves stamps" and when the "cash is gone, I'm done spending money."  Harper testified that she did not deposit the money she received from Plaintiffs in her bank account.

Plaintiff and Harper testified that each filed a 2012 federal income tax return in February, 2013.  Harper reported her receipt of the $5,000 child care payments as "wages, salaries, tips, etc." with a notation "HSH 5000" on line 7 of her federal Form 1040 income tax return.  (Ptfs' Ex 2.)  Harper testified that she received a W-2 Wage and Tax Statement, stating that she did not work "full time" and her "wages, tips, other comp." was $12,197 (rounded).  (Ptfs' Ex 3.)  Harper testified that the total amount reported on line 7 of her Form 40 income tax return was $17,197 and she did not receive any "tips or bonuses" from her employer.  Plaintiff testified that Plaintiffs claimed child care credits on their 2012 federal Form 1040A income tax return and attached Schedule WFC Oregon Working Family Child Care Credit for Form 40 (Schedule

/ / /

WFC) to their 2012 Oregon state income tax return. Schedule WFC reported "Qualifying Child Care Expenses Paid in 2012" to Nancy Harper in the amount of $5,000. (*See* Ptfs' Ex 4.)

In response to a request for documentation to support Plaintiffs' claimed child care expenses, Plaintiff prepared a document, showing "Work Week Starting – Ending Date 2012" and "Amount Paid." Plaintiff and Harper testified that each relied on personal calendars to "keep track" of the "one or two days a week" that Harper took care of Plaintiffs' children. Plaintiff testified that using those calendars the document was prepared by Plaintiff and signed by Harper. In response to Defendant's question, Plaintiff testified that, even though she looked for her personal calendar last week, she was unable to locate it to bring to court or submit as evidence. Plaintiffs, through their authorized representative, acknowledged that the document was not prepared "contemporaneously" when the 2012 child care expenses were incurred. In response to Defendant's question, Harper testified that she did not "file with the IRS [Internal Revenue Service] form W-10."

Inovejas testified that Defendant disallowed Plaintiffs' claimed child care expenses because it concluded that, because Plaintiffs' child care provider was related to Plaintiffs, there was not an "arm's length" transaction between the parties and Plaintiffs' "documentation" was not sufficient to meet its substantiation requirements. In response to Plaintiffs' concern that they did not speak with an "auditor," Inovejas testified that the lack of documentation is a "processing issue, not an audit issue." Inovejas testified that he will contact "collections" in response to Plaintiff's statement that two weeks ago her employer received notice to garnish her wages for "the unpaid 2012 taxes."

/ / /

/ / /

## II. ANALYSIS

Oregon allows a qualifying taxpayer to claim a refundable credit to partially offset the taxpayer's child care costs incurred when a taxpayer is working or attending school. ORS 315.262.[1] That credit is commonly referred to as the working family child care credit. The statute provides in relevant part:

> "A qualified taxpayer shall be allowed a credit against the taxes otherwise due under ORS chapter 316 equal to the applicable percentage of the qualified taxpayer's child care expenses (rounded to the nearest $50)."

ORS 315.262(3).

In addition to the working family child care credit, ORS 316.078 provides for a nonrefundable credit for certain employment-related expenses, including child care, paid by a taxpayer for the care of a dependent child or children. That credit is commonly referred by the short title "child care credit." The child care credit is specifically tied to IRC section 21. The child care credit is "equal to a percentage of employment-related expenses allowable pursuant to section 21 of the Internal Revenue Code * * *." ORS 316.078(1); *see* also OAR 150-316.078(1) ("When calculating the Oregon child care credit, taxpayers must use the same employment related expenses used for calculating the federal credit, subject to the same limitations and eligibility requirements outlined in the IRC Section 21."). IRC section 21(a)(l) provides a credit for a "percentage of the employment-related expenses * * * paid by such individual during the taxable year." "Expenses are employment-related expenses only if they are for the purpose of enabling the taxpayer to be gainfully employed. The expenses must be for the care of a qualifying individual or household services performed during periods in which the taxpayer is gainfully employed or is in active search of gainful employment." Treas Reg 1.21-1(c).

/ / /

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2011.

Plaintiffs claimed a working family child care credit and a child care credit. To receive either or both credits, a taxpayer must pay for child care. After requesting substantiation for the child care expenses paid by Plaintiffs and receiving nothing that met its substantiation requirements, Defendant denied Plaintiffs' claimed credits. Plaintiffs appeal Defendant's denial. The issue before the court is whether Plaintiffs are entitled to claim a working family and child care credit based on the amount of child care expenses they paid.

"In all proceedings before the judge or a magistrate of the tax court and upon appeal therefrom, a preponderance of the evidence shall suffice to sustain the burden of proof. The burden of proof shall fall upon the party seeking affirmative relief * * *." ORS 305.427. Plaintiffs must establish their claim "by a preponderance of the evidence, or the more convincing or greater weight of evidence." *Schaefer v. Dept. of Rev*., TC No 4530, WL 914208 at *2 (July 12, 2001) (citing *Feves v. Dept. of Revenue*, 4 OTR 302 (1971)).

OAR 150-315.262(3) clearly states that child care payments "must be made by the parent claiming the working family child care credit." *See also* ORS 315.262(3). When a taxpayer decides to pay cash for child care expenses, the taxpayer has the burden of providing sufficient evidence to substantiate the total amount of the claimed expense. In making its determination, the court is limited to the evidence presented. Receipts that are properly completed, including date, name of individual who paid the cash, amount paid, and signed by the child care provider are persuasive evidence. Testimony is evaluated in the context of the receipts and other documented evidence. There is not a statutory requirement that a taxpayer have a bank account. The absence of canceled checks is one of the most significant challenges facing a cash basis taxpayer. A canceled check is evidence that an expense was paid on a certain date to a specific individual or entity. Many taxpayers who pay in cash purchase money orders to have a payment record that supplements properly completed receipts.

Defendant questions whether the transaction between Plaintiffs and Harper was arm's-length because they were related by marriage. OAR 150-315.262(3)(b)(F) states that "[t]ransactions that are not arm's-length or have no economic substance" are not "[c]osts associated with child care." This court has stated that "[t]ransactions between related parties rightly generate heightened scrutiny, because of the increased potential for favorable treatment (*e.g.*, leniency when the taxpayer cannot afford some or all of the amount due)[.]" *Carter v. Dept. of Rev.*, TC-MD No 080689C, WL 1351818 at *3 (Apr 30, 2009). However, "there is not a rebuttable presumption that a close relationship between parties implies that their transaction was not at arm's-length." *Lib-Myagkov v. Dept. of Rev.*, TC-MD No 091200C, WL 4736621 at *5 (Nov 23, 2010). In working family credit cases, "where payment is made in cash and the provider is a friend or relative of the taxpayer, the sworn testimony of the child care provider is critical. * * * These cases turn on a question of fact, hinging on the credibility of Plaintiffs and the provider." *Moua v. Dept. of Rev.*, TC-MD No 081230B, WL 739534 at *2 (Mar 4, 2010) (citations omitted).

In the case before the court, Plaintiffs can only claim child care expenses that they paid. Plaintiffs submitted as evidence a weekly listing of the amount paid to Harper. (Ptfs' Ex 1.) Harper signed that document, totaling $5,000. (Def's Ex A.) Even though the document was prepared in response to Defendant's request made on or after April, 2013, for documentation to support Plaintiffs' claimed child care expenses, Harper reported $5,000 income from caring for Plaintiffs' children on her 2012 federal income tax return that was filed in February 2013. Plaintiffs reported that same amount, $5,000, on their 2012 federal and state income tax returns, filed in February 2013, as the amount of child care expenses they paid. Both Plaintiffs and Harper reported the same amount, $5,000, to tax authorities prior to Defendant's document request. Plaintiff and Harper each testified and their testimony was credible. Plaintiffs' total reported income for 2012 was adequate to conclude that Plaintiffs made the cash payments to Harper.

### III. COSTS AND DISBURSEMENTS FACTS AND ANALYSIS

The Magistrate Division has discretionary authority under ORS 305.490(2) to award costs and disbursements to the prevailing party. *Wihtol I v. Dept. of Rev.* (*Wihtol I*), 21 OTR 260, 267 (2013). The Magistrate Division promulgated a rule, TCR-MD 19, setting forth the procedure for a prevailing party to request costs and disbursements. As required under TCR-MD 19 C(1), Plaintiffs filed a cost statement on December 8, 2014, requesting that the court award them costs totaling $252. Pursuant to TCR-MD 19 C(2)(a), Defendant filed an Objection to Award of Costs and Disbursements (Objection) on December 9, 2014. Neither party requested that the court schedule a hearing "to consider issues and evidence related to the request for costs and disbursements[]" and Plaintiffs did not request to file a reply to Defendant's Objection. TCR-MD 19 C(3); *see also* TCR-MD 19 C(2)(b).

Under TCR-MD 19 B, "costs and disbursements may be awarded only to the prevailing party[.]"*See Wihtol v. Multnomah County Assessor* (*Wihtol*), TC-MD No 120762N, WL 274126 at *2 (Jan 24, 2014). There is no question that Plaintiffs are the prevailing party in this matter. Plaintiffs were granted the relief requested.

The question is whether the court should, in its discretion, award Plaintiffs their costs and disbursements. *See Wihtol*, 2014 WL 274126 at *4 ("[t]he award of costs and disbursements is entirely discretionary with the court." (citations omitted)). Defendant objects to an award of costs in this case because Defendant "denied the written objection for insufficient substantiation requirements and issued a Notice of Deficiency Assessment on April 1, 2014 explaining the reasons for the denial, including Plaintiffs' appeal rights with the Magistrate Division of the Oregon Tax Court. Therefore, the filing fee that the Plaintiffs incurred to file an appeal with the Magistrate was necessary because a Notice of Deficiency Assessment has been issued." (Def's Obj at 1.)

/ / /

In *Wihtol*, this court discussed some considerations that may be relevant to the court's exercise of its discretion to award costs. WL 274126 at *5. Those considerations included whether the taxpayer timely filed required returns and whether the taxpayer took advantage of any available administrative review to avoid the necessity of litigation. *Id.* Here, Plaintiffs filed their 2012 Oregon income tax return including the Oregon Working Family Child Care Credit (Schedule WFC). (Ptfs' Ex 4.) In response to Defendant's request for additional information, Plaintiffs provided a signed statement from the child care provider, "the grandmother of the children[.]" (Def's Obj at 1.) Defendant concluded that "the documentation provided by the Plaintiffs [was] not a sufficient proof of payment for a not an 'arm's length' transaction [and] * * * issued a Notice of Deficiency on May 16, 2013." (*Id.*) Plaintiff submitted a written objection to Defendant which Defendant "denied * * * for insufficient substantiation requirements and issued a Notice of Deficiency Assessment." (*Id.*) Plaintiffs' Complaint was timely filed.

After considering the events recited above, the court concludes that Plaintiffs made good faith, reasonable efforts to avoid the necessity of filing a complaint in this matter. Plaintiffs responded to Defendant's request for additional information and requested a conference with Defendant after receiving Defendant's Notice of Deficiency. The necessity of Plaintiffs filing a complaint in this matter did not arise because Plaintiffs failed to comply with statutory requirements. Plaintiffs filed their state income tax return with accompanying state form, Schedule WFC. Plaintiffs submitted documentation in response to Defendant's request for additional information. Plaintiffs filed their complaint after Defendant concluded that Plaintiffs' documentation was insufficient. Defendant made a subjective determination and Plaintiffs challenged Defendant's determination. The court concludes that Plaintiff is entitled to an award of costs properly claimed under TCR-MD 19.

/ / /

IV.  CONCLUSION

The court concludes that Plaintiffs paid $5,000 to Nancy Harper for the care of their children in 2012.  Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is granted and Plaintiffs' claimed child care payments in the amount of $5,000 are allowed.

IT IS FURTHER DECIDED that Plaintiffs request for costs and disbursements is granted.  Plaintiffs are awarded costs of $252.

Dated this ___ day of December 2014.


_____
JILL A. TANNER
PRESIDING MAGISTRATE

*If you want to appeal this final decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the final decision or this final decision cannot be changed.*

*This document was signed by Presiding Magistrate Jill A. Tanner on December 31, 2014.  The court filed and entered this document on December 31, 2014.*