IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

HABITAT FOR HUMANITY OF THE )
MID-WILLAMETTE VALLEY, )
)
   Plaintiff, ) TC-MD 140387D
)
 v. )
)
MARION COUNTY ASSESSOR, )
)
   Defendant, )
)
 and )
)
DEPARTMENT OF REVENUE, )
State of Oregon, )
)
   Defendant-Intervenor. ) **FINAL DECISION**

The court entered its Decision in the above-entitled matter on October 13, 2016. Plaintiff filed a timely statement for costs and disbursements on October 26, 2016. No response from Defendants was received by the court. This matter is now ready for the court's Final Decision.

This Final Decision incorporates the court's Decision with minor changes and includes the court's determination of Plaintiff's statement for costs.

This matter came before the court on Defendant-Intervenor's letter, filed September 23, 2016. Plaintiff filed its Complaint on October 17, 2014, requesting a property tax exemption for property identified as Accounts R344690, R344691, and R344692 for the 2014-15 tax year. In its letter, Defendant-Intervenor agreed that, "[i]n light of the Oregon Supreme Court's recent opinion in *Habitat for Humanity v. Dept. of Rev.*, 360 OR 257 (2016), the Department of Revenue and the Marion County Assessor concede that exemption of the real

/ / /

property at issue in the above-captioned appeal for tax year 2014-2015 is appropriate." Because the parties are in agreement, the court finds it is appropriate to grant the relief sought by Plaintiff.

With respect to costs, the Magistrate Division has discretionary authority under ORS 305.490(2)[1] to award costs and disbursements to the prevailing party. *Wihtol I v. Dept. of Rev.*, 21 OTR 260, 267 (2013). The Magistrate Division promulgated a rule, Tax Court Rule– Magistrate Division (TCR–MD) 16, setting forth the procedure for a prevailing party to request costs and disbursements. As required under TCR–MD 16 C(1), Plaintiff filed a summary cost statement on October 26, 2016, requesting that the court award it costs, consisting of the filing fee of $252. There is no question Plaintiff is the prevailing party to this case. The question is whether the court should, in its discretion, award Plaintiff its costs and disbursements. *See Wihtol v. Multnomah County Assessor*, TC-MD 120762N, WL 274126 at *4 (Jan 24, 2014) ("[t]he award of costs and disbursements is entirely discretionary with the court." (citations omitted)). It is the opinion of this court that Plaintiff should be awarded its costs. Now, therefore,

IT IS THE DECISION OF THIS COURT that, as agreed to by the parties, Plaintiff's appeal is granted.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2013.

IT IS FURTHER DECIDED that Plaintiff is entitled to costs from Defendants in the sum of $252 pursuant to ORS 305.490(2).

Dated this ____ day of November 2016.

_____

RICHARD DAVIS
MAGISTRATE

***If you want to appeal this Final Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.***

***Your Complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed.  TCR-MD 19 B.***

***This document was filed and entered on November 29, 2016.***