IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| CHRISTIAN L. SPIER<br>and MICHELE R. SPIER, | ) ) ) | |
| Plaintiffs, | ) ) | TC-MD 160262R |
| v. | ) ) | |
| DEPARTMENT OF REVENUE,<br>State of Oregon, | ) ) ) | |
| Defendant. | ) | **FINAL DECISION**[1] |

Plaintiffs appealed Defendant's three Notices of Assessment, dated April 25, 2016, for

the 2012, 2013, and 2014 tax years. A trial was held at the Oregon Tax Court on January 4,

2017, in Salem, Oregon. Christian L. Spier (Spier) appeared and testified on behalf of Plaintiffs.

Melinda Emerson and Bruce McDonald appeared on behalf of Defendant. Melinda Emerson

(Emerson) testified on behalf of Defendant. Plaintiffs' Exhibit 1 was admitted over Defendant's

objection. Plaintiffs' Exhibits 2 through 24 were admitted without objection. Defendant's

Exhibits A through E were not admitted because the documents were not filed with the court or

sent to Plaintiffs in compliance with Tax Court Rule-Magistrate Division (TCR-MD) 12 C(1).

## I. STATEMENT OF FACTS

During the period under appeal, Spier worked as a laborer and foreman for Emery &

Sons Construction. His work day generally started with a short commute from his home to the

employer's yard in Salem. Spier would pick up small supplies or tools from the employer and

would use his personal vehicle to take other employees with him to work sites around the state.

---

[1] The court entered its Decision on June 20, 2017. The court's Final Decision incorporates its Decision without change but includes the court's analysis and determination of Plaintiffs' costs and disbursement request in section III.

The employer's policy provided that employees are generally responsible for their own transportation to and from work sites, and compensation for travel "is on a job by job basis and must be approved by Management." (Ptfs' Ex 14.) The employer's policy manual provides: "Emery & Sons will reimburse employees for reasonable business travel expenses when the travel has been approved in advance by the President of the Company." (Ptfs' Ex 18.) Spier sent a copy of the employer's policy to Defendant in May 2014 in response to its request. Spier also sent several letters from his employer explaining that he was not issued a company vehicle or reimbursed for travel during the years in issue. (Ptfs' Ex 16.) Spier testified that reimbursement was for executive travel or if an employee needed to travel for educational purposes. He explained that employees were not reimbursed for travel to job sites. Spier testified that he could occasionally get a ride in the employer's vehicle when there was room, but that was a rarity.

Plaintiffs submitted calendars/logs with beginning and ending odometers for several vehicles and daily mileage readings for travel during the 2011[2] through 2014 tax years. (Ptfs' Exs 1, 5, 10, and 11.) Spier testified that the 2011 log was submitted because he had been audited by Defendant for that year and his log and mileage deduction were accepted without change. (Ptfs' Ex 4.)

Plaintiffs' 2011 log documents that the beginning odometer reading for their 1999 Toyota Corolla was 108,476. (Ptfs' Ex 1 at 1.) The log contains daily mileage numbers, which Spier testified corresponded to travel to and from his employer's yard to job locations. The log entries for June 29, 30, and November 24 and 25, 2011, have mileage numbers written in and then crossed-out. Spier testified the cross-outs were because he did not work on those days. The log documents that between November 5, 2011, and December 31, 2011, Spier traveled 190 miles

---

[2] The 2011 tax year was not part of the audit.

for work on 37 separate days and his ending odometer reading for the year was 138,306. (Ptfs' Ex 1.) Spier presented an invoice from Les Schwab tires to Defendant as a third party verification of the mileage on his vehicle. The invoice documents that Plaintiffs' 1999 Toyota odometer read 134,927 on November 5, 2011. (Ptfs' Ex 20.)

Plaintiffs' 2012 mileage log documents a total of 31,466 miles divided between two different vehicles. (Ptfs' Ex 5 at 1.) The log shows that on June 3, 2012, Spier changed vehicles. Between January 1, 2012, and June 2, 2012, the log documents vehicle #1 at 15,111 business miles and 333 personal miles for a total of 15,444 miles. (*Id*. at 1-7) Between June 3, 2012, and the year-end the log documents 15,773 business miles and 249 personal miles for a total of 16,022 miles for vehicle #2. (*Id*. at 7-10.) The 2012 log states the mileage for the 1999 Toyota at the year-end is 153,750. (*Id*.) The 2013 log states the beginning odometer reading for the same car is 153,700. (Ptfs' Ex 10 at 1.) The 2012 log states the mileage for the 1998 Toyota at year-end is 94,610. (Ptfs' Ex 5 at 1.) The 2013 log states the beginning odometer reading for the same car is 94,710. (Ptfs' Ex 10 at 1.)

The 2013 log coversheet documents 15,702 miles on two vehicles. (Ptfs' Ex 10 at 1.) That log sheet states that "total work miles" were 15,058 and personal miles were 644. (*Id* at 10.) The log contains daily entries identifying business and personal miles. The 2014 log documents 14,892 of business miles. (Ptfs' Ex 11) Spier testified that he stopped using his personal vehicle to travel to work in August 2014.

Several of Spier's logs contained cross-outs. There are four days in 2011 where mileage has been written in and then crossed out due to holidays. (Ptfs' Ex 1 at 2, 7.) This was also done for one day on the 2012 log and three days in the 2014 log. (Ptfs' Ex 5 at 8 and Ex 11 at 6.)

/ / /

Plaintiffs presented receipts for items claimed as work clothes or tools as follows:

| Year | cost | Description | Ex |
|------|------|-------------|-----|
| 2012 | $134.95 | Knife, laces, boots, rain pants | 6 |
| 2013 | $191.90 | Boot oil, sweatshirt, boots, jeans | 9 |
| 2014 | $126.26 | Gloves, fol crew, 10 classic burl, pants, socks | 12 |

## II.  ANALYSIS

The issues in this case are whether Plaintiffs may deduct traveling expenses under Internal Revenue Code (IRC) section 162(a) for Spier's travel to temporary work sites, and whether clothing and tools purchased for work may be deducted.  In analyzing Oregon income tax cases the court starts with several general guidelines.  First, the court is guided by the intent of the legislature to make Oregon's "personal income tax law identical in effect" to the federal Internal Revenue Code (IRC) for the purpose of determining taxable income of individuals, where possible.  ORS 316.007.[3]  Second, in cases before the Tax Court, the party seeking affirmative relief bears the burden of proof and must establish his or her case by a "preponderance of the evidence."  ORS 305.427.  Third, allowable deductions from taxable income are a "matter of legislative grace" and the burden of proof (substantiation) is placed on the individual claiming the deduction.  *INDOPCO, Inc. v. Comm'r*, 503 US 79, 84, 112 S Ct 1039, 117 L Ed 2d 226 (1992).

A.    *Traveling Expenses*

IRC section 162 generally allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business.  Under certain circumstances, if a taxpayer establishes entitlement to a deduction but not the amount, the Court may estimate the amount allowable.  *Cohan v. Comm'r,* 39 F2d 540, 543–544 (2d Cir 1930).

---

[3] The court's references to the Oregon Revised Statutes (ORS) are to the 2011 edition.  The court's references to the ORS for the 2014 tax year are to the 2013 edition, which contain no changes from the 2011 edition in relevant parts.

However, for expenses described in IRC section 274(d), namely, travel, entertainment, gift, and "listed property" expenses, may not be deducted unless the strict substantiation requirements of that section are satisfied. *Sanford v. Comm'r,* 50 TC 823, 827 (1968), *aff'd per curiam,* 412 F2d 201 (2d Cir 1969); Treas Reg § 1.274–5T(a). "Listed property" includes any passenger automobile. IRC § 280F(d)(4)(A)(i). To satisfy the requirements of IRC section 274(d), in general, a taxpayer must maintain adequate records or produce evidence corroborating his or her own statement, establishing the amount, date, and business purpose for a travel expenditure or use of the vehicle. Treas Reg §§ 1.274–5T(b)(6), (c)(1). Treasury Regulation section 1.274–5T(c)(2) provides, in relevant part, that "adequate records" generally consist of an account book, a diary, a log, a statement of expense, trip sheets, or a similar record made at or near the time of the expenditure or use, along with supporting documentary evidence. The strict substantiation requirements of IRC section 274(d) for vehicle expenses must be met even where the optional standard mileage rate is used. Treas Reg § 1.274–5(j)(2).

The rules of substantiation for listed property become very important in cases such as the one before the court where vehicle mileage expenses are at issue. Treasury Regulation section 1.274-5T outlines the evidence required:

> "Except as otherwise provided in this section and § 1.274–6T, a taxpayer must substantiate each element of an expenditure or use (described in paragraph (b) of this section) by adequate records or by sufficient evidence corroborating his own statement. Section 274(d) contemplates that a taxpayer will maintain and produce such substantiation as will constitute proof of each expenditure or use referred to in section 274. Written evidence has considerably more probative value than oral evidence alone. In addition, the probative value of written evidence is greater the closer in time it relates to the expenditure or use. A contemporaneous log is not required, but a record of the elements of an expenditure or of a business use of listed property made at or near the time of the expenditure or use, supported by sufficient documentary evidence, has a high degree of credibility not present with respect to a statement prepared subsequent thereto when generally there is a lack of accurate recall. Thus, the corroborative evidence required to support a statement not made at or near the time of the expenditure or use must have a high

degree of probative value to elevate such statement and evidence to the level of credibility reflected by a record made at or near the time of the expenditure or use supported by sufficient documentary evidence. The substantiation requirements of section 274(d) are designed to encourage taxpayers to maintain the records, together with documentary evidence, as provided in paragraph (c)(2) of this section."

Treas Reg § 1.274–5T(c)(1).

What this means for taxpayers in simple terms is that even credible testimony from a taxpayer is not enough to substantiate travel miles. There must be reliable documentary evidence to support the deduction.

Defendant challenges Plaintiffs' travel expense deductions on two bases. First, they assert the employer's travel policy is vague, leaving auditors uncertain of when a travel expense is covered by the employer. They also assert that Plaintiffs withheld crucial documents covering the travel policy. Second, Defendant asserts Plaintiffs' mileage documentation was not made contemporaneously, contains many errors, and is generally unreliable.

As to the first argument, the court agrees that the employer's written policy is somewhat vague. Reduced to its essence, the employer's policy is to allow reimbursement or use of its company vehicles at its discretion. However, the letters provided by Plaintiffs help to clarify that transportation to and from job sites is an employee's responsibility and only under rare circumstances will the employer allow its company vehicles to be used to transport employees. Spier's testimony supports and clarifies the policy that he was responsible for travel to and from job sites. While the employer's policy may leave Defendant without clear guidelines, the court does not view the policy as unworkably vague. The court also does not find that Plaintiffs attempted to conceal or withhold the employer's policy. Ultimately, the vague policy will not help Plaintiffs in proving their case, but it does not automatically disqualify them from potential deductions.

Defendant's second argument is that the travel expense deductions should be denied because Plaintiffs' travel log is unreliable. From a macro view, the log meets many of the criteria required under Treas Reg 1.274-5T; there is a written log, with beginning and ending odometer readings and daily mileage numbers with ascertainable business locations. When the court delves into the details, some problems do become apparent.

The first problem is with the starting odometer reading on January 1, 2012. To understand the problem we must go back to the 2011 log presented by Plaintiffs as Exhibit 1 and match it against a third party verification. Plaintiffs presented a bill from Les Schwab tires, which documents that on November 5, 2011, Plaintiffs' 1999 Toyota Corolla had 134,927 miles on it. Based on Plaintiffs' 2011 mileage log, Spier traveled and claimed 7,030 in business travel between November 5, 2011 and December 31, 2011. Thus, the odometer should have been at least 141,957 miles at the year end. But, the odometer reading according to Plaintiffs' log was only 138,306. That means that business miles were over-claimed by 3,651 miles in a period of less than two months. When the court asked specifically about this discrepancy Spier was unable to provide any explanation. This evidence is troubling for the court, however, the evidence is regarding a tax year which is not at issue for this appeal.

The next problem is that Spier's logs contained seven unexplained and suspicious changes, where mileage had been recorded and then crossed out. This type of error is more consistent with a log that is being recreated than a contemporaneously kept log. While logs can be recreated, Spier denied that his were anything but contemporaneously kept. Yet, Defendant acknowledges, and the court accepts, that Spier did travel extensively for work during the years in issue.

/ / /

Plaintiffs rely primarily on the mileage logs to substantiate deductions for car mileage for the 2012 through 2014 tax years. The total mileage claimed matches Plaintiffs' daily calendar logs. It is apparent that those logs contain small errors and irregularities, however, on balance the court finds they are generally reliable and are supported by Spier's testimony. Accordingly, Plaintiffs' deductions for car mileage claimed are allowed in the amounts of 30,884 for the 2012 tax year; 15,058 for the 2013 tax year; and 14,892 for the 2014 tax year.

B.      *Work Clothes and Tools*

Plaintiffs seek to deduct the costs of clothing and tools purchased during the years in issue totaling $453.11. Plaintiffs did not present testimony about the tools purchased for work. The court is unable determine from just the receipts if the items purchased were used exclusively for work. Thus, the deduction for tools is denied. For work clothes to be deductible as ordinary and necessary business expenses under IRC section 162, they must be (1) required or essential in the taxpayer's employment, (2) not suitable for general or personal wear, and (3) not actually worn for general or personal wear. *Hynes v. Comm'r,* 74 TC 1266, 1290 (1980).

Plaintiffs seek to deduct the costs of a number of items of clothing used for work. While the court understands that clothing used in construction can get dirty and worn out quickly, the courts have held that that is not enough to allow a clothing deduction. In *Drill v. Comm'r*, 8 TC 902 (1947), the court denied a clothing deduction, holding that they were "adaptable to general wear" despite being soiled with plaster, cement, mud, and grease at work. *Id*. at 903. In this case Plaintiffs presented no evidence that the items would be unsuitable for general use. Therefore, Plaintiffs have not met their evidentiary burden for a clothing deduction.

/ / /

/ / /

### III. COSTS AND DISBURSEMENTS FACTS AND ANALYSIS

The Magistrate Division has discretionary authority under ORS 305.490(2) to award costs and disbursements to the prevailing party. *Wihtol v. Dept. of Rev.,* 21 OTR 260, 267 (2013). TCR–MD 16 describes the procedure for a prevailing party to request costs and disbursements. As required under TCR–MD 16 C(1), Plaintiffs filed a Statement for Costs and Disbursements on June 27, 2017, requesting that the court award them costs and disbursements totaling $1,205.64. Plaintiffs include in their cost request: a refund of amounts paid to Defendant; interest; the court filing fee; and compensation for missing work to attend trial. Plaintiffs also request an adjustment to their credit report and a "[n]o change letter from the State of Oregon IRS for Tax years 2012, 2013, 2014 stating that our taxes will be accepted as filed." Pursuant to TCR–MD 16 C(2)(a), Defendant filed an Answer to Statement of Costs and Disbursements on July 5, 2017, asserting that Plaintiffs were not the prevailing party because only part of their appeal was accepted, and that Plaintiffs' request includes costs that may not be awarded under court rules. Neither party requested that the court schedule a hearing "to consider issues and evidence related to the request for costs and disbursements." TCR–MD 16 C(3).

In analyzing Plaintiffs' request for costs, the court first must decide whether they are the prevailing party. Although TCR-MD 16 does not define "prevailing party," this court has looked for guidance to the definition found in ORS 20.077. A prevailing party "is the party who receives a favorable judgment or arbitration award on the claim." ORS 20.077(2), *see e.g., Stade v. Dept. of Rev.*, TC-MD 150369N, WL 282206 at *5 (Or Tax M Div Jan 21, 2016). The court determines the prevailing party on a "claim-by-claim basis," weighing "what was sought by each party against the result obtained." *Stade*, 2016 WL 282206 at *5 (citations and internal quotation marks omitted). There is no question that Plaintiff received a favorable decision on a majority of

the deductions at issue in this case—their mileage deductions. Despite Plaintiffs' loss on several minor deductions, the court finds Plaintiffs are the prevailing party in this matter.

The next question is what costs and disbursements are potentially allowable. TCR-MD 16 A defines "costs and disbursements" as "reasonable and necessary expenses incurred in the prosecution or defense of an action other than for legal services, and include the filing fee; the statutory fees for witnesses; the necessary expense of copying any public record, book, or document used as evidence in the trial and any other expense specifically allowed by agreement, by these rules, by TCR [Tax Court Rule] 68 A(2), or by other rule or statute." Plaintiffs' request for their filing fee is specifically provided for in the rules. Plaintiffs' request for a refund of sums paid to Defendant and interest are already includable in the decision and are not costs incurred in the prosecution of their action. Plaintiffs will be refunded and interest paid based on the decision of this court should it become final without a further appeal. Plaintiffs' request for lost wages to attend the trial are expenses incidental to the litigation and are not "costs and disbursements" for which the court has the authority to award under ORS 305.490. Similarly, the court has no authority to order Defendant to report to crediting agencies in a particular way and the court need not instruct Defendant to issue a "no change" letter—as this decision addresses the tax years under appeal.

The final question is whether the court should, in its discretion, award Plaintiffs the requested costs and disbursements. Defendant contends that "[P]laintiff[s] did not file an accurate return. The Magistrate Decision found errors in the [P]laintiff[s'] tax return." (Def. Resp. at 1.) That contention is inaccurate—the court did not and could not find that Plaintiffs' returns were in error because the returns were not admitted into evidence. As described above, most of the costs Plaintiffs are seeking are beyond the jurisdiction of the court.

Thus, Plaintiffs' requests are denied, with the exception that their request for their filing fee is granted.

## IV. CONCLUSION

After careful review of the evidence, the court concludes that Plaintiffs are entitled to a deduction for unreimbursed employee travel expenses equating to 30,844 miles for 2012; 15,058 miles for 2013; and 14,892 for 2014. Plaintiffs are not entitled to a deduction for clothing or tools. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' are entitled to a deduction for unreimbursed employee travel expenses equating to 30,844 miles for 2012; 15,058 miles for 2013; and 14,892 for 2014.

IT IS FURTHER DECIDED that Plaintiffs are not entitled to a deduction for clothing or tools.

IT IS FURTHER DECIDED that Plaintiffs are awarded costs and disbursements in the amount of their filing fee of $252.

Dated this ___ day of July 2017.

_____
RICHARD DAVIS
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within 60 days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on July 18, 2017.*