530 January 9, 2018 No. 46

IN THE OREGON TAX COURT
REGULAR DIVISION

ST. MARY STAR OF THE SEA
CATHOLIC CHURCH, ASTORIA,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 5248)

Following litigation of Plaintiff's single claim for relief as to property tax exemption, Plaintiff (taxpayer) submitted a request for attorney fees and certain costs and disbursements. The court by its order of December 28, 2017, denied Plaintiff's request for attorney fees, but reserved its ruling regarding the request for costs and disbursements. Granting taxpayer's request for fees the court found that taxpayer was undisputedly the prevailing party, and that the court was authorized by statute and rule to award reasonable costs and disbursements.

Submitted on Plaintiff's Statement of Attorney Fees and Costs.

Marc K. Sellers, Schwabe Williamson & Wyatt, PC, Portland, filed the statement for Plaintiff (taxpayer).

Daniel Paul, Assistant Attorney General, Department of Justice, Salem, filed the response for Defendant Department of Revenue (the department).

Decision for Plaintiff rendered January 9, 2018.

**ROBERT T. MANICKE, Judge.**

This matter is before the court on the request of Plaintiff St. Mary Star of the Sea Catholic Church, Astoria, for costs and disbursements. Plaintiff filed its Statement of Attorney Fees and Costs on or about February 2, 2017.[1] The court denied Plaintiff's request for attorney fees by order on

_____

[1] Plaintiff generally referred to "costs" when describing the expenses for which it sought reimbursement. Based on the type of expenses for which Plaintiff seeks reimbursement, the court concludes that, for purposes of Plaintiff's request pursuant to ORS 305.490, "costs" encompasses "costs and disbursements" as defined in Tax Court Rule (TCR) 68 A(2). *Cf.* Or Laws 1981, ch 898, § 7 (repealing definition of "costs" as a separate statutorily defined sum and adding "costs and disbursements" as a defined term in ORCP 68).

December 28, 2017. That order did not address Plaintiff's request for costs and disbursements.

Plaintiff's "Description of Costs" included with its Statement of Attorney Fees and Costs lists various items totaling $3,396.37. Defendant's objection filed on or about February 16, 2017, did not discuss any items in Plaintiff's Description of Costs.

The court's rules define costs and disbursements as the "reasonable and necessary expenses incurred in the prosecution or defense of an action other than for legal services." Tax Court Rule (TCR) 68 A(2). Pursuant to ORS 305.490(2) and TCR 68 B, the court allows costs and disbursements to the prevailing party unless otherwise provided by statute or rule, or unless the court, in its discretion, denies the request in whole or in part.[2] *See Wihtol I v. Dept. of Rev.*, 21 OTR 260, 266 (2013); TCR 68 C(2)(f)(ii).

It cannot be disputed that Plaintiff is the prevailing party in this case. Plaintiff prevailed on its sole claim, securing a judgment of exemption from property taxation for the rectory at issue. *St. Mary Star of the Sea I v. Dept. of Rev.*, 22 OTR 312, 325 (2016). Accordingly, the court is authorized to award costs and disbursements to Plaintiff.

The question remains whether the items listed in the "Description of Costs" are "reasonable and necessary expenses" within the meaning of TCR 68 A(2).

Plaintiff did not provide briefing on why any of the listed items were reasonable and necessary. The nature and purpose of some items appear self-evident, such as the entries for two "complaint fees" in the amount corresponding to the court's filing fees in each division. Although the court has some question as to the appropriateness of some of the remaining amounts Plaintiff listed, the court is not inclined to *sua sponte* evaluate the reasonableness or necessity of each item in the absence of any objection from Defendant.

One item, however, in the amount of $535.50, is described as "Court reporter-depositions." (*Id.*) Pursuant to TCR 68 A(2), "The expense of taking depositions will not

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2013.

be allowed, even though the depositions are used at trial, except as otherwise provided by rule or statute." Plaintiff has not identified any rule or statute that would allow the award of expenses incurred for the taking of a deposition in this case. Now, therefore,

      IT IS ORDERED that Plaintiff's request for costs and disbursements is granted in the amount of $2,860.87 ($3,396.37 − $535.50).[3]

      IT IS FURTHER ORDERED that Plaintiff will provide a form of judgment for the award of costs and disbursements in accordance with this order.

---

[3] Although Plaintiff requested costs and disbursements in the amount of $3,396.37, it appears to the court that the total amount of costs and disbursements listed in Plaintiff's Description of Costs is $3,396.38. The court nonetheless awards Plaintiff costs and disbursements on the basis of the amount requested, $3,396.37.