No. 36          November 13, 2013          291

IN THE OREGON TAX COURT
REGULAR DIVISION

Jeffrey B. WIHTOL,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE*,*
*Defendant*,
*and*

MULTNOMAH COUNTY ASSESSOR,
*Defendant-Intervenor.*

(TC 5171)

Following the court's order granting Plaintiff (taxpayer)'s motion for summary judgment, Defendant (the department) moved for reconsideration on the grounds that taxpayer had not established that he was the prevailing party, and that entry of a Regular Division judgment prior to consideration of the matter on remand to the Magistrate Division could lead to the department having to appeal the judgment before the matter was resolved on the merits in the Magistrate Division. Granting the department's motion, the court ruled that taxpayer had prevailed on the dispute that brought the case to the Regular Division, but that department's argument was well taken as to judicial economy regarding the timing of entry of judgment for recovery of the fee paid in the Regular Division, therefore the court determined it would hold taxpayer's form of judgment until the remanded matter was resolved.

Submitted on Defendant (the department)'s Motion for Reconsideration.

Jeffrey B. Wihtol, Attorney at Law, Portland, filed a response for Plaintiff (taxpayer).

James C. Wallace, Senior Assistant Attorney General, Department of Justice, Salem, filed the motion for Defendant Department of Revenue (the department).

Decision for Defendant rendered November 13, 2013.

**HENRY C. BREITHAUPT, Judge.**

This matter is before the court on the motion of the Department of Revenue (the department) for reconsideration of the opinion and order of this court issued September 5, 2013. The opinion and order followed cross-motions for summary judgment filed by Plaintiff (taxpayer)

and Defendant-Intervenor Multnomah County Assessor (the county). The department did not oppose taxpayer's motion but now seeks reconsideration.

The department first argues that taxpayer has not established that he is the prevailing party. In its motion the department also asserts that taxpayer's right to a recovery of his filing fee in the Regular Division is dependent on his right to a filing fee in the Magistrate Division. The court is of the opinion that taxpayer prevailed on the dispute that brought the case to the Regular Division—that is whether there was any right to recovery of filing fees paid for proceedings in the Magistrate Division. Indeed, the only question raised in the motion of the county related to the authority of a magistrate to award costs and expenses to a prevailing party. On that point taxpayer prevailed and should not have to bear the economic burden of the fee paid to achieve that victory.

In transmitting its opinion and order to the parties, the court directed taxpayer to prepare a form of judgment. The department raises the question of whether a judgment should be entered at this point in the proceeding. The department argues that entry of a judgment prior to consideration of the matter on remand to the Magistrate Division that was included in the opinion and order could lead to it having to appeal the judgment before the matter is resolved on the merits.

As to the timing of entry of judgment for recovery of the fee paid in the Regular Division, the court is of the opinion that the department raises a good point as to judicial economy and the problems that would potentially be created if a judgment were to be entered by the Regular Division prior to completion of the proceedings in the Magistrate Division on remand. Accordingly, this court will hold the form of judgment presented by taxpayer until the completion of the proceedings in the Magistrate Division on remand. At the completion of such proceedings, or on any appeal of the decision of the magistrate in those proceedings, the court will enter the judgment in favor of taxpayer for the fee paid to appeal the initial decision of the Magistrate Division to this division.

Next, the department argues that a remand of this matter is not necessary or appropriate. A remand of the matter is appropriate. On remand, a magistrate, possibly after consultation with other magistrates as permitted by ORS 305.501(4)(a), can consider and decide how to approach such claims for recovery of filing fees and the question of who is the prevailing party.[1] In the first instance those decisions are for the magistrates to make, subject to appeal to this division.

The department next argues that it should not be a judgment debtor on the judgment issued by this division, arguing that the opponent of taxpayer was the county. That may be as to the liability for the filing fee paid in the Magistrate Division. However, in the appeal that taxpayer took to establish his right, as a matter of law, to that filing fee his opponent was, as required by statute in property tax cases, the department. ORS 305.501(5)(c). That conclusion is not changed by the fact that the department chose not to participate actively in the proceedings in the Regular Division.

The order of the court is modified as discussed above and the court will defer entering judgment on this matter in accordance with the foregoing. Now, therefore,

IT IS ORDERED that Defendant's Motion for Reconsideration is granted.

---

[1] All references to the Oregon Revised Statutes (ORS) are to 2011.