IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

ADAM REID RODRIGO, )
)
      Plaintiff, )   TC-MD 170032G
)
  v. )
)
DEPARTMENT OF REVENUE, )
State of Oregon, )
)
      Defendant. )   **FINAL DECISION**

Plaintiff appealed Defendant's Notice of Assessment, dated October 28, 2016, for the

2013 tax year. In its Answer, Defendant agreed to "reverse the estimated return, including

penalty and interest." At the case management conference, held March 16, 2017, Plaintiff

accepted the relief offered by Defendant.

Plaintiff requested an award of his filing fee at the case management conference, and

Defendant objected. The parties agreed to hold a hearing immediately on the filing fee issue and

to have the court proceed immediately to a final decision. Plaintiff Adam Reid Rodrigo testified

on his own behalf. Melinda Emerson testified on behalf of Defendant.

## I. STATEMENT OF FACTS

Plaintiff lived and worked in Washington during part of 2012, all of 2013, and part of

2014. He lived in Oregon—at different addresses—before and after his time in Washington.

After he came back to Oregon, he filed tax returns for 2011, 2012, 2014, and 2015. He left blank

the space on his 2012 part-year resident return indicating when he ceased to be an Oregon

resident. Plaintiff testified that he is "not good at paperwork."

/ / /

/ / /

On October 28, 2016, Defendant issued Plaintiff its Notice of Assessment for the 2013 tax year. That Notice of Assessment informed Plaintiff he could appeal to this court. It did not inform him that he could file an objection or request a conference with Defendant.

Emerson testified that, before issuing its Notice of Assessment, Defendant had sent Plaintiff a letter requiring him to either file a 2013 Oregon tax return or explain why one was not due. Plaintiff testified that he did not receive that letter.

Plaintiff's Complaint alleged that he lived and worked in Washington during the whole of 2013. Attachments to the Complaint included a letter from Plaintiff's housemate in Washington and Plaintiff's 2013 W-2s.

## II. ANALYSIS

Because Defendant agreed to grant the relief requested, the only issue is whether to award Plaintiff his filing fee.

This court has discretionary authority to award costs and disbursements, including the filing fee. ORS 305.490(2); *Wihtol I v. Dept. of Rev.*, 21 OTR 260, 267–68 (2013), *modified on recons*, 21 OTR 291 (2013); TCR–MD 16.[1] Considerations guiding whether the court will award costs in a given case include whether taxpayers "fail to timely and properly file returns or fail to take advantage of available administrative review." *Wihtol v. Multnomah Cty Assessor*, TC-MD 120762N, WL 274126 at *5 (Or Tax M Div Jan 24, 2014). Costs should not be awarded in a case where the department grants relief "after taxpayers provided the department with information that they failed to provide earlier." *Bell v. Dept. of Rev.*, TC 5089, WL 3192791 (Or Tax Aug 7, 2012). Defendant is authorized to require the filing of a return where it opines that a taxpayer has failed to file. ORS 314.370.

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2015. The court's references to the Tax Court Rules–Magistrate Division (TCR–MD) are to the rules effective January 2, 2017.

Here, it is undisputed that Plaintiff failed to complete the portion of his 2012 part-year resident return showing the date his Oregon residence ended.

Both Plaintiff and Emerson credibly testified regarding the letter sent by Defendant before it issued its assessment notice. Emerson's testimony regarding the letter was specific—she gave both the date on the letter and the date the letter was mailed. Plaintiff admitted to having difficulties with paperwork—an admission corroborated by his failure to timely file Oregon returns for several years. On the balance, it seems most likely that Defendant sent the letter and that Plaintiff misplaced it. Defendant reasonably issued its assessment notice on the basis of Plaintiff's incomplete 2012 return and his failure to respond to Defendant's letter. *See Wihtol*, 2014 WL 274126 at \*5; *Bell* 2012 WL 3192791. Under such circumstances, the court does not award Plaintiff his filing fee.

### III. CONCLUSION

Defendant agreed to reverse its assessment for the 2013 tax year. Considering the facts of this case, the court denies Plaintiff's request for his filing fee. Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant shall cancel its Notice of Assessment, dated October 28, 2016, for the 2013 tax year.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

IT IS FURTHER DECIDED that Plaintiff's request for an award of his filing fee is denied.

Dated this ____ day of March, 2017.

_____
POUL F. LUNDGREN
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on March 23, 2017.*