IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

NICHOLAS M. LENNERT,              )
                                        )
          Plaintiff,              )    TC-MD 170038G
                                          )
        v.                       )
                                          )
DEPARTMENT OF REVENUE,       )
State of Oregon,                    )
                                          )
         Defendant.         )    **FINAL DECISION**[1]

Plaintiff appealed Defendant's adjustments to his 2013 Oregon personal income tax. A trial was held on January 9, 2018. Nicholas M. Lennert appeared and testified on his own behalf. Jamie Tenace, auditor, appeared on behalf of Defendant. Neither party submitted exhibits.

## I. STATEMENT OF FACTS

Few facts are before the court for consideration. Plaintiff testified only briefly, and Defendant neither cross-examined him nor put on its own case.

From Plaintiff's Complaint, it appears that during 2013 he worked as an Independent Line Contractor for three employers. Plaintiff testified that he worked in the California cites of Morgan Hill and Merced, as well as "other cities." Plaintiff testified that he sometimes worked in Oregon, but did not recall whether he worked in Oregon during the year at issue.

At audit, Defendant initially denied Plaintiff's deduction for unreimbursed employee business expenses, increased his taxable income by $33,857, and imposed a penalty for substantial understatement of income. (Compl at 72–73.) In response to Plaintiff's written

/ / /

_____

[1] This Final Decision incorporates without change sections I and II of the court's Decision, entered January 29, 2018. Plaintiff's statement of costs and disbursements and Defendant's objection are discussed in section III.

objection, Defendant allowed a $7,305 travel expense deduction. (Compl at 6; Def's Status Report, May 8, 2017.)

In his Complaint, Plaintiff requested an additional deduction for union dues and traveling expenses, and also requested the abatement of the substantial understatement penalty and interest.[2] Subsequently, Defendant conceded that Plaintiff was entitled to an additional deduction of $3,542 for union dues and tools. (Def's Status Report, May 8, 2017.) Along with that concession, Defendant requested that Plaintiff's $7,305 traveling expense deduction be disallowed, resulting in a $3,763 net increase in taxable income. (*Id.*)

## II. ANALYSIS

The issues in this case are (1) whether Plaintiff's deduction for travel expenses should be either increased or decreased and (2) whether the substantial understatement penalty and interest should be abated.

In proceedings before this court, "the party seeking affirmative relief" must bear the burden of proof. ORS 305.427 (2015).[3] Here, Plaintiff must bear the burden as to proving his deduction should be increased and that his penalty should be abated. Defendant must bear the burden as to proving that Plaintiff's deduction should be decreased.

A.    *Traveling Expenses*

Taxable income in Oregon is equal to federal taxable income, subject to modifications, additions, and subtractions not pertinent here. ORS 316.022(6); 316.048. Therefore, the court relies on the Internal Revenue Code (IRC) and on federal administrative and judicial interpretations of the IRC. *See* ORS 316.032(2).

---

[2] Plaintiff's Complaint does not specify the amount of the deduction requested; it proposes reducing his tax due to $801.

[3] Unless otherwise noted, the court's citations to the Oregon Revised Statutes (ORS) are to 2011.

1. *Plaintiff's claim*

Taxpayers are allowed to deduct the ordinary and necessary expenses incurred in carrying on their trade or business. IRC § 162(a). The deduction includes expenses for meals and lodging while "away from home" for business reasons. IRC § 162(a)(2). Such traveling expenses may only be claimed as deductions if the taxpayer meets the heightened substantiation requirements of IRC section 274(d) (2013), which states:

"No deduction or credit shall be allowed—

"(1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home)[]

"* * * * *

"*unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement* (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility or property, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility or property, or receiving the gift. * * *."

(Emphasis added.)

Here, there is no evidence before the court of the amounts, times, and places of Plaintiff's traveling expenses, and no evidence corroborating Plaintiff's statement of the total deduction claimed. Plaintiff has not borne his burden of proof, and no additional traveling expense deduction is allowed.

2. *Defendant's claim*

Traveling expenses are deductible under IRC section 162(a)(2) for those who are "away from home in the pursuit of a trade or business[.]" Taxpayers who, for personal reasons, live far away from the places where they work are not entitled to deduct traveling expenses—either on the theory that such travel is caused by the taxpayer's personal decision about where to live, or

on the theory that the "home" referred to in IRC section 162(a)(2) is the vicinity of the taxpayer's employment rather than the taxpayer's actual abode. *See generally Ellwein v. U.S.*, 778 F2d 506, 510 n 3 (8th Cir 1985). The phrase "tax home" is used to signify the "home" in IRC section 162(a)(2). Only expenses for traveling away from taxpayers' tax homes are deductible, regardless of where they actually live.

Generally, a taxpayer's tax home is the vicinity of the taxpayer's principal place of business or employment. *Morey v. Dept. of Rev.*, 18 OTR 76, 81 (2004). Exceptions to that general rule were explained in *Morey* as follows.

> "That general rule, however, is subject to an exception: the taxpayer's personal residence is the individual's tax home if the principal place of business is 'temporary' as opposed to 'indefinite' or 'indeterminate.' *Peurifoy v. Commissioner*, 358 U.S. 59, 60 (1958). That exception is in turn subject to an exception found in the flush language of section 162(a), which provides that any employment period in excess of one year is *per se* indefinite."

*Id*. Therefore, facts essential to a tax home inquiry include the location of the taxpayer's principal place of business and whether the taxpayer has worked there more than a year.

Here, the evidence is insufficient for the court to determine Plaintiff's tax home during 2013. Plaintiff testified that he worked in two California cities, as well as unspecified "other cities." Plaintiff further testified that in some years he worked in Oregon. No further evidence of Plaintiff's work locations or the durations of his jobs was provided. The evidence is inconclusive as to Plaintiff's tax home; so far as it goes, it is consistent with a tax home in either a California city or an Oregon city. Defendant has not borne its burden of proof as to its request to disallow Plaintiff's previously allowed traveling expenses.

/ / /

/ / /

/ / /

B.      *Substantial Understatement Penalty and Interest*

For the tax year in question, Defendant was required to impose a 20-percent penalty on taxpayers who understated their taxable income by $15,000 or more.  ORS 314.402.  Any items on the return for which the taxpayer had substantial authority, or for which the taxpayer had a reasonable basis and had adequately disclosed the relevant facts, were not to be included in the calculation of the understatement.  ORS 314.402(4)(b).

Defendant has discretionary authority to waive the penalty "on a showing by the taxpayer that there was reasonable cause for the understatement, or any portion thereof, and that the taxpayer acted in good faith."  ORS 314.402(6).  This court lacks authority to review a denial by Defendant of a discretionary waiver of a penalty or interest.  ORS 305.560(1)(a); *Pelett v. Dept. of Rev.*, 11 OTR 364, 366 (1990).

Here, no evidence was presented that Defendant miscalculated the understatement. Plaintiff's testimony tended to show he acted in good faith.  However, it does not provide a ground for this court to grant relief from the substantial understatement penalty.

Plaintiff's Complaint requested abatement of statutory interest.  Plaintiff did not provide any authority for the court to grant such relief, and the court is unaware of such authority.  The court's judgment in this case will require Defendant to recalculate interest in accord with the reduction in tax liability.

## III.  COSTS AND DISBURSEMENTS

Plaintiff requested an award of costs and disbursements equal to the amounts he paid his certified public account and his tax lawyer, and supported his request with invoices.  Defendant objected.

/ / /

The Magistrate Division does not have authority to award attorney fees or accountant fees. In general, courts have no common law authority to award either fees or costs and disbursements. *See Wood v. Fitzgerald*, 3 Or 568, 583–84 (1870). Statutory authority for the Tax Court to make such awards is given in ORS 305.490. ORS 305.490(2) authorizes awards of costs and disbursements by "the court," and it is under that subsection that the Magistrate Division's authority to award costs and disbursements is found. *Wihtol v. Dept. of Rev.*, 21 OTR 260, 267–68 (2013). The definition of "costs and disbursements" specifically excludes expenses incurred "for legal services." TCR–MD 16 A.[4] Authority to award both attorney fees and accountant fees is provided in ORS 305.490(3)(a), but that subsection "should be read as describing what the Tax Court *judge* may award * * * in addition to costs and disbursements." *Wihtol*, 21 OTR at 267 (emphasis added). Proceedings before the Tax Court judge are held in the Regular Division of the court, not the Magistrate Division. The court is unaware of any other authority for awarding accountant fees in the Tax Court.

## IV. CONCLUSION

An additional deduction for union dues and tools is allowed in accord with Defendant's concession. Neither party carried the burden of proof as to the remaining issues, and the Magistrate Division does not have authority to award attorney fees and accountant fees as requested by Plaintiff. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff is allowed an additional deduction of $3,542 for union dues and tools.

IT IS FURTHER DECIDED that Defendant's request to increase Plaintiff's tax liability is denied.

---

[4] Tax Court Rule–Magistrate Division (TCR–MD)

IT IS FURTHER DECIDED that Plaintiff's request for costs and disbursements is denied.

Dated this ____ day of February, 2018.

_____
POUL F. LUNDGREN
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within 60 days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Lundgren and entered on February 27, 2018.*