IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| KATHLEEN P. HOLAHAN, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 180156N |
| | ) | |
| v. | ) | |
| | ) | |
| MULTNOMAH COUNTY ASSESSOR, | ) | |
| | ) | |
| Defendant. | ) | **FINAL DECISION** |

This matter came before the court on the agreement of the parties that the 2017-18 real market value of property identified as R594727 (subject property) is $1.3 million. The sole remaining dispute is whether the court should award Plaintiff costs and disbursements in the amount of $265 for her filing fee. Plaintiff filed a Statement for Costs and Disbursements (Statement) on August 13, 2018. Defendant filed its objection on August 20, 2018. Plaintiff filed a response on August 27, 2018. This matter is now ready for determination.

A.      *Procedural History*

Plaintiff filed her Complaint on April 13, 2018, alleging that the subject property's 2017-18 real market value was $1,214,518. The 2017-18 tax roll real market value was $3,223,720, which the Board of Property Tax Appeals (BOPTA) reduced to $1,640,000. (Compl at 2.) Defendant initially requested that the tax roll value be sustained, but worked with Plaintiff to reach the settlement described above. (*See* Answer.)

B.      *Costs and Disbursements*

Magistrates have discretionary authority to award costs and disbursements to the prevailing party. *See* ORS 305.490(2); *Wihtol I v. Dept. of Rev.*, 21 OTR 260, 267-68 (2013); Tax Court Rule–Magistrate Division (TCR–MD) 16 B. This court has determined that, as in the

context of attorney fee awards, a prevailing party is one that receives a favorable judgment on a claim. *See Withol v. Multnomah County Assessor*, TC-MD 120762N, 2014 WL 274126 at *2 (Jan 24, 2014). Thus, a party that receives a "substantial reduction in the value of the property at issue" is the prevailing party. *Id.* at *4. Here, the court concludes that Plaintiff is the prevailing party because she received a reduction in the 2017-18 real market value of the subject property to within 10 percent of her requested value.[1] The question becomes whether the court should, in its discretion, award Plaintiff costs and disbursements.

Plaintiff maintains that she should receive costs and disbursements because (1) Defendant's tax roll real market value was due to "a flawed computerized system without oversight"; (2) the comparable sales Defendant presented at BOPTA were not, in fact, comparable to the subject property and were subject to a "mysterious 'adjustment factor' "; and (3) following inspection, Defendant "agreed that their methodology resulted in an incorrect value." (Ptf's Statement at 3.) Defendant disagreed with Plaintiff's first statement and argued that the second, concerning BOPTA evidence, is irrelevant in this de novo proceeding. (Def's objection at 1.) Defendant further alleged that Plaintiff denied their initial site inspection request, which hindered the accuracy of Defendant's analysis. (*See id.*) Plaintiff disputes that she denied any site inspection request, asserting that the first request received was an email from Defendant's representative on May 22, 2018, which was discussed during the first case management conference on June 5, 2018. (Ptf's response at 1.)

In *Withol*, this court discussed some considerations that may be relevant to the court's exercise of its discretion to award costs and disbursements. 2014 WL 274126 at *5. Those

---

[1] This court has previously observed that value is a range, rather than an absolute, and a 10 percent variation is generally accepted among appraisers' conclusions. *Price v. Dept. of Rev.*, 7 OTR 18, 25 (1977).

considerations include whether the taxpayer timely filed required returns; whether the taxpayer took advantage of any available administrative review to avoid the necessity of litigation; and whether the case involves "multiple claims or issues that were variously won and lost by the parties." *Id.* For example, in *Chiles v. Multnomah County Assessor*, TC-MD 130384N, 2014 WL 2993791 (Jul 3, 2014), this court declined to award costs and disbursements where the taxpayer prevailed on three claims and the county assessor prevailed on three claims.

Here, Plaintiff took advantage of available administrative review (BOPTA) and prevailed on the only claim presented to the court, the 2017-18 real market value of the subject property. The parties dispute whether Plaintiff denied an initial site inspection request, but the court received no evidence upon which to make a determination. Under those facts, the court finds an award of costs and disbursements is appropriate. Plaintiff is awarded costs and disbursements in the amount of $265. Now, therefore,

IT IS THE DECISION OF THIS COURT that, as stipulated by the parties, the 2017-18 real market value of property identified as Account R594727 is $1.3 million.

IT IS FURTHER DECIDED that Plaintiff's request for an award of costs and disbursements in the amount of $265 is granted.

Dated this ___ day of September 2018.

_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*
*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Allison R. Boomer and entered on September 7, 2018.*