IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| STOMPBOX MUSIC COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 180377N |
| | ) | |
| v. | ) | |
| | ) | |
| WASHINGTON COUNTY ASSESSOR, | ) | |
| | ) | |
| Defendant. | ) | **DECISION** |

Plaintiff appealed Defendant's assessment of penalties stemming from a notice for omitted personal property, dated September 13, 2018, for the 2012-13 through 2016-17 tax years. During a case management conference held on January 22, 2019, the parties asked that the court enter a decision based solely on the parties' pleadings. Defendant said that it does not oppose Plaintiff's request for relief and does not contest any of the factual allegations in Plaintiff's Complaint. Plaintiff declined to supplement its Complaint with any further evidence or argument. Defendant disputes whether Plaintiff is entitled to a cost award for the court's filing fee. Defendant filed an Objection to Plaintiff's Request for a Filing Fee on February 6, 2019.

A.      *Penalty Waiver*

Plaintiff filed its Complaint on November 30, 2018, requesting a waiver of penalties and interest imposed on property identified as Account P2130052. (Compl at 3.) In its Complaint, Plaintiff stated that the person responsible for filing personal property tax returns (Plaintiff's agent) was diagnosed with brain cancer in 2014 and later died of the disease in 2017. (*Id.* at 2.) Plaintiff added that the agent experienced the "onset symptoms in 2013 and as a result did not have the capacity to prepare correct documents for the personal property tax division * * *."

(*Id.*) After discovering the error, the agent's surviving spouse acted quickly to correct the error. (*Id.*)

Personal property tax returns must be filed each year by March 15. ORS 308.290(1)(a).[1] Taxpayers who file returns after March 15, but on or before June 1, are subject to a five percent penalty. ORS 308.296(2). Taxpayers who file after June 1, but on or before August 1, are subject to a 25 percent penalty. ORS 305.296(3). Taxpayers who file after August 1 or do not file entirely are subject to a 50 percent penalty. ORS 308.296(4). A person aggrieved by a penalty for failure to file a personal property tax return may appeal to this court. ORS 311.223(4). The court is authorized under ORS 305.422 to waive penalties for "good and sufficient cause."[2]

The court has adopted the definition of "good and sufficient cause" found in ORS 305.288. *Spegel v. Washington County Assessor*, TC-MD 050966B, 2006 WL 1880283 at *2 (Or Tax M Div July 6, 2006). "Good and sufficient cause" means "an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal" but does not include "inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant information." ORS 305.288(5). Extraordinary circumstances beyond the control of taxpayer may include death or serious illness. *Kintz v. Washington Cty. Assessor*, 17 OTR-MD

/ / /

/ / /

---

[1] The court's reference to the Oregon Revised Statutes (ORS) are to 2017.

[2] Plaintiff requested waiver of penalties and interest. (Compl at 2.) Defendant's notice only assessed penalties. (*Id*. at 3.) ORS 305.422 authorizes the court to waive penalties only.

200, 203 (2002). However, extraordinary circumstances will not rise to "good and sufficient cause" unless they cause the taxpayer to miss the filing deadline. *Hoggard v. Clackamas County Assessor*, TC-MD 170389G, 2018 WL 3409632 at *2 (Or Tax M Div July 12, 2019).

Plaintiff alleges that its agent experienced the onset of symptoms of brain cancer in 2013 and as a result "did not have the capacity to prepare correct documents for the personal property tax division * * *." (Compl at 2.) Plaintiff has not alleged any circumstances preventing Plaintiff from filing a return for the 2012-13 tax year on or before March 15, 2012. The court finds no good and sufficient cause to waive the penalty for the 2012-13 tax year. The imposition of the 50 percent penalty for that year is upheld. For the remaining tax years, Plaintiff has alleged that its agent's serious illness and death caused the failure to file for the 2013-14 through 2016-17 tax years. Defendant has alleged no facts to the contrary. Under such circumstances, the court waives the penalty for the 2013-14 through 2016-17 tax years.

B.      *Costs and Disbursements*

The court has discretionary authority to award costs and disbursements, including the filing fee, to prevailing parties. ORS 305.490(2); *Wihtol I v. Dept. of Rev.*, 21 OTR 260, 267-68 (2013). It cannot be disputed that Plaintiff is the prevailing party in this case—Plaintiff prevailed on its claims for relief on four out of the five tax years at issue. The court is authorized to award costs and disbursements to Plaintiff. Defendant argues that Plaintiff should not be awarded its costs because the county did not have discretion to waive the penalties and interest under ORS 308.296(8) and only the court may waive penalties under ORS 305.422. (Def's Objection at 2.) The court agrees that ORS 308.296(8) provides that the county may only waive penalties and interest in certain specific scenarios not applicable to the present case. By contrast, the court has broader authority to waive penalties and interest under ORS 305.422. The fact remains that

Plaintiff failed to timely file personal property tax returns as required by law. Although the court finds that Plaintiff had good and sufficient cause for waiving penalties and interest for four of the tax years, it is Plaintiff's own failure to act that necessitated the filing of this appeal. The court finds that Plaintiff's request for its filing fee should be denied. Now, therefore,

IT IS THE DECISION OF THIS COURT that the late filing penalties shall be waived for Account P2130052 for the 2013-14 through 2016-17 tax years. The late filing penalty for the 2012-13 tax year is upheld.

IT IS FURTHER DECIDED that Plaintiff's request for costs and disbursements in denied.

Dated this ____ day of March 2019.

_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within 60 days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Allison R. Boomer and entered on March 13, 2019.*