IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

USMAN A. MUGHAL )
and ZAHRA S. BALOCH, )
)
       Plaintiffs, ) TC-MD 180118R
)
    v. )
)
MULTNOMAH COUNTY ASSESSOR, )
)
       Defendant. ) **DECISION**

Plaintiffs appealed a Real Property Order from the Multnomah County Board of Property Tax Appeals, dated March 7, 2018, for the 2017-18 tax year, and Defendant's real property assessment for the 2016-17 tax year. A trial was held on February 5, 2019, in the courtroom of the Oregon Tax Court. Usman A. Mughal (Mughal) and Zahra S. Baloch (Baloch) appeared and testified on their own behalf. Carlos Rasch and Scott Elliott appeared on behalf of Defendant. John James testified on behalf of Defendant.

Prior to the start of trial Defendant moved to exclude Plaintiffs' exhibits because they were served untimely. At the initial case management conference, the court set the trial date and advised the parties that trial exhibits must filed with the court and served on the opposing party and be postmarked by January 22, 2019 or hand-delivered by January 28, 2019. Those dates were also contained the court's trial notice. The notice further references Tax Court Rule – Magistrate Division (TCR-MD) 12. Mughal stated that he hand-delivered Exhibits 1 to 25 to the court on January 28, 2019, and mailed the Exhibits to Defendant on that date. Plaintiffs served the Exhibits on Defendant after the deadline set by the court. Mughal stated that all Exhibits, with the exception of his appraisal report, Exhibit 15, had been exchanged with Defendant months before the exchange deadline. Consequently, Exhibit 15 was not admitted into evidence.

I. STATEMENT OF FACTS

The subject property consists of a 5-bedroom house with approximately 8,118 square feet of gross living area on a 4.79-acre lot located in the hills just west of downtown Portland. (Ex B at 5, 12.) The interior and exteriors incorporate top quality imported materials and include marble flooring, solid quartz countertops in the kitchen, custom banisters, a home theater/media room, and an extensive stone driveway with stone pillars and railings. (Ex B at 6.) The house was approximately 60 percent complete as of January 1, 2016, and fully complete before January 1, 2017. Plaintiffs purchased the lot in 2012 for $317,000. (Ex B at 7.) Plaintiffs' construction worksheet shows the cost to build the home was $1,670,823. (Ex 14.)

Mughal testified that the house was built as a "dream house" inspired by Moorish architecture he observed while traveling in Spain. Mughal testified that the subject property's value should be reduced for three primary reasons: 1) the land has been settling near the NE corner causing retaining walls to sink down by several feet; 2) the roof was installed incorrectly, is leaking, and has been estimated to cost more than $100,000 repair; and 3) the geothermal system was installed improperly and is raising the ground by several feet. Mughal testified that 80 percent of the lot is subject to a "significant environmental concern" which severely limits the buildable area of the lot. Additionally, a neighbor has asserted a claim for adverse possession for a driveway on the SE corner of the lot. Mughal also testified that the subject property is on a road with a 40 mile-per-hour speed limit and it has no city views.

Mughal acknowledged that there have been several prior appraisals of the subject property for loan purposes, where estimates of value exceeded $2 million, but those appraisals did not consider the above problems associated with the property. Mughal submitted estimates to repair all the defects in the property in the range of $250,000. (Ex 19 to 23, 25.)

## II. ANALYSIS

The issue for this case is the real market value of the subject property for the 2017-18 and 2016-17 tax years. "Real market value is the standard used throughout the ad valorem statutes except for special assessments." *Richardson v. Clackamas County Assessor*, TC-MD 020869D, 2003 WL 21263620 at *2 (Or Tax M Div Mar 26, 2003) (citations omitted). Real market value is defined in ORS 308.205(1),[1] which states:

> "Real market value of all property, real and personal, means the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's-length transaction occurring as of the assessment date for the tax year."

The assessment dates for the 2017-18 and 2016-17 tax years are January 1, 2017 and January 1, 2016, respectively. ORS 308.007; ORS 308.210. The real market value of property "shall be determined by methods and procedures in accordance with rules adopted by the Department of Revenue[.]" ORS 308.205(2). There are three approaches to value that must be considered: (1) the cost approach; (2) the sales comparison approach; and (3) the income approach. OAR 150-308-0240(2)(a). Although all three approaches must be considered, all three approaches may not be applicable in a given case. *Id*.

The sales comparison approach "may be used to value improved properties, vacant land, or land being considered as though vacant." *Chambers Management Corp v. Lane County Assessor*, TC-MD 060354D, 2007 WL 1068455 at *3 (Or Tax M Div Apr 3, 2007) (citations omitted). "The court looks for arm's length sale transactions of property similar in size, quality, age and location" to the subject property. *Richardson*, 2003 WL 21263620 at *3.

> "In utilizing the sales comparison approach, only actual market transactions of property comparable to the subject, or adjusted to be comparable, may be used. All transactions utilized in the sales comparison approach must be verified to

---

[1] The court's references to the Oregon Revised Statutes are to 2015.

ensure they reflect arms-length market transactions. When non-typical market conditions of sale are involved in a transaction (duress, death, foreclosures, interrelated corporations or persons, etc.), the transaction will not be used in the sales comparison approach unless market-based adjustments can be made for the non-typical market condition."

OAR 150-308-0240(2)(c).

Plaintiffs bear the burden of proof and must establish their case by a preponderance of the evidence. ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." *Feves v. Dept. of Revenue*, 4 OTR 302, 312 (1971). "[I]t is not enough for a taxpayer to criticize a county's position. Taxpayers must provide competent evidence of the [real market value] of their property." *Woods v. Dept. of Rev.*, 16 OTR 56, 59 (2002). "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his burden of proof * * *." *Reed v. Dept. of Rev.*, 310 Or 260, 265, 798 P2d 235 (1990).

The main impediment to Plaintiffs' case is the exclusion of their appraisal report (Ex 15) because they did not timely exchange the report as required by Tax Court Rule – Magistrate Division 12 C(1)(a). That rule requires "all exhibits must be either postmarked at least 14 days before the trial date or physically received by the court and all other parties at least 10 days before the trial date." In this case, at the case management conference and in the court's written trial notice, the court informed the parties that the exhibit exchange deadlines were January 22, 2019, if mailed, or January 28, 2019, if hand-delivered. For unknown reasons, Plaintiffs mailed the documents to Defendant on the last date to hand-deliver them—January 28, 2019. Plaintiffs acknowledge that the appraiser who prepared the report did not appear to testify because he "knew" it was likely the court would not admit the report. Nevertheless, Plaintiffs argue their case should not be eviscerated for a "technical violation of the rules." The court acknowledges

that the Magistrate Division is designed to resolve disputes "through an informal and easy to use process." TCR-MD (Preface). However, failure to timely exchange the most important evidence in the case impairs the other party's ability to prepare their witnesses and evidence for trial; which is paramount to a fair proceeding. The Magistrate Division has consistently upheld the exhibit exchange deadlines against taxpayers and government agencies alike. The court does not have another good remedy at its disposal other than excluding the evidence. Plaintiffs argued that the trial should be delayed. But considering the court's docket and the cost to Defendant, that remedy is neither practical nor fair.

Plaintiffs argue that their property's value was reduced by ecological and structural factors. Certainly, the elements highlighted by Plaintiffs may be considered in reaching a determination of the real market value for the subject property. However, Plaintiffs have failed to present persuasive competent evidence of the real market value of their home. The court finds that Plaintiffs have failed to carry their burden of proof as to the value of the subject property. Consequently, Plaintiffs will have to either accept the values as is, or appeal to the Regular Division, and be subject to more formal procedural and evidentiary rules.

"[T]he court has jurisdiction to determine the real market value or correct valuation on the basis of the evidence before the court, without regard to the values pleaded by the parties." ORS 305.412. In this case Defendant presented evidence of value slightly higher than the BOPTA value, however, in its closing argument, Defendant asked the court to sustain the BOPTA order. The court accepts Defendant's request.

On February 19, 2019, Plaintiffs filed a Motion to Seek Costs and Disbursements. On February 25, 2019, Defendant filed a response. Plaintiffs filed a reply on May 6, 2019. The Magistrate Division has discretionary authority under ORS 305.490(2) to award costs and

disbursements to the prevailing party. *Wihtol I v. Dept. of Rev.*, 21 OTR 260, 267 (2013). In this case, Plaintiffs were not the prevailing party and therefore an award of costs and disbursements would be inappropriate.

III. CONCLUSION

Plaintiffs have failed to meet the burden of proof necessary to reduce the real market value of the subject property. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is denied. No costs and disbursements are awarded.

Dated this ____ day of July 2019.

_____
RICHARD DAVIS
MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Richard Davis and entered on July 26, 2019.*